IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CHEYENNE DIVISION

09-cv-237-B

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

Stephan Harris, Clerk
Cheyenne

**JOHN FRANK PICCOLO III**
Petitioner

vs.

**UNITED STATES OF AMERICA**
Respondent

**HABEAS CORPUS MOTION UNDER 28 U.S.C. § 2255**
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

John Frank Piccolo III
Pro Se
Federal Correctional Institution
PO Box 4200
Three Rivers, Texas 78071

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**CHEYENNE DIVISION**

**JOHN FRANK PICCOLO III**
Petitioner,

vs.

**UNITED STATES OF AMERICA,**
Respondent.

**CIVIL ACTION NO.:** 09-CV-237-B
CR 05-CR-283-B

**HABEAS CORPUS MOTION UNDER 28 U.S.C. § 2255**
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**COMES NOW,** herein after, "Petitioner", and acting pro se, hereby moves the above captioned Court to vacate sentence imposed in the above stated criminal action number based upon the new United States Supreme Court ruling in **Arizona v. Gant**, 171 L Ed 2d 810 S. Ct. 2008. Title 28 U.S.C. § 2255 provides that there is a (1) year statue of limitation which runs from the latest of:

(1) the date on which the judgement of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retro-atively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this instant case, the petitioner relies upon (3) and (4) as reason(s) he now seeks relief after his one year time limit has expired. Petitioner believes the new ruling in Gant, indicates substantial provocation for hearing to determine whether this new Supreme Court holding applies to his case.

## I. JURISDICTION

Petitioner was convicted and sentenced was imposed by the by the United States District Court for the District of Wyoming, Cheyenne Division. Pursuant to Title 28 United States Code § 2255, and the governing rules of Appellate Procedures, the afore mentioned Court has jurisdiction over this instant case.

## II. STATEMENT OF CASE

On August 8, 2005, Petitioner was the passenger in a vehicle driven by Jeramie Makinen, in Evanston Wyoming. Petitioner and driver had just entered onto the I-80 on ramp heading west. The vehicle was pulled over by the Evanston City Police Department. The driver of the vehicle immediately pulled to the side of the road and placed the care in park to await instruction(s) from law enforcement. The officer(s) performing the stop, directed the driver to keep his hands upon the wheel, and using his left hand, remove the keys from the ignition and drop them out the opened window. Again, the driver complied with the officers demand(s). The officer(s) performing the stop then instructed both petitioner and the driver to exit the vehicle. They were ordered to exit the vehicle with their hands behind their heads with fingers interlocked. They were told to, "walk backwards" towards the officers voice. Petitioner is unsure whether the officers involved in this stop had their weapons drawn or not, however, assumed that this was indeed the case. As soon as the petitioner and driver reached the destination indicated by the officers, they were instructed to get on their knees. At this time, both petitioner and the driver were placed into restraints (handcuffs), effectively securing officers safety and the safety of any evidence thought to be found as a result of the stop. By the time petitioner was placed into restraints, several other law enforcement personnel had arrived on the scene. Both driver & petitioner were "Pat searched", after being restrained, nothing was found on either party.

Petitioner at this point, asked why they had been pulled over, and were being handcuffed. He was informed that he (petitioner) had been spotted as a passenger in the vehicle and that they, (the officers), held warrants for him and the driver. At this time, none of the officers on scene knew why the warrants had been issued, only that the warrants came from "higher up". The petitioner was not informed as to the nexus of the warrants until he was booked into jail. At the time petitioner was booked, he was told that the warrants consisted of (4) total counts, (2) counts of "Breach of Peace" and (2) counts of "fighting in public", all counts were for misdemeanor offenses. None the less, they were treated as felonies during the stop. The petitioner and driver were placed into seperate law enforcement vehicles. Petitioner subsequently learned that Makinen, the driver of the vehicle, was purchasing the car they had been driving in, and in fact was the reason they were traveling to Evanston Wyoming. It came to light that the owner of the vehicle had not received 100% of his purchase price from Makinen. The owner of the vehicle had contacted law enforcement to report the car stolen. However, he was informed that because he had willingly turned the keys over to Makinen, that it was not considered a criminal matter any longer but a civil matter and would have to be resolved through civil procedures. When Makinen learned that the owner had contacted the police in regards to the vehicle, he invited the petitioner to travel with him from Utah to Wyoming to complete the purchase of the vehicle in question. After petitioner and Makinen were placed

under arrest, law enforcement requested to search the vehicle. The petitioner was neither asked nor did he give permission to search the vehicle. Petitioner believed he did not have the authority to allow the search of the vehicle as he was neither the driver or the owner having no domain over it's contents. Petitioner submits to this Court that he would not have given permission to search in any event. Never the less, law enforcement on the scene performed the search where a weapon was found and a controlled substance. Both driver and petitioner were transported to the Uinta County Detention Center in Evanston, Wyoming and booked into the facility on the misdemeanor warrants. Approximately (2) days later, at the first pre-trial hearing, the Judge ordered the petitioner released from custody. The Judge at this hearing expressed the fact that he was unaware why or how this particular case had proceeded as it had. Petitioner and Makenin were informed that if the Court had any further requirement of them, that they would be contacted. Upon release, the petitioner returned to Utah.

On October 31, 2005, in Helper City Utah, the petitioner was again arrested. The arrest took place at approximately 10 PM and was performed by the Helper City Police Department. At approximately 4 AM, the ATF took custody of the petitioner and transported him to ADC in Salt Lake City Utah, petitioner was then booked into ADC, November 1, 2005. Petitioner is unsure as to the date he went before the Magistrate Judge for the U.S. District Court. At the hearing, petitioner was ordered held without bail. Approximately (3) weeks later, petitioner was transferred to the Wheatland County Jail, Wyoming to answer to

the charge(s) stemming from and as a result of the search incident to the arrest that occurred on August 8, 2005. The petitioner remained at the Wheatland County Jail awaiting trial. The Grand Jury handed down a (9) count indictment which ended with the petitioner pleading guilty to only (3) counts. At no time during the pre-trial proceedings did counsel for the defense attempt a suppression hearing to challenge the search of the vehicle that took place on August 8, 2005 which ultimately to this instant case at bar. The petitioner is not claiming ineffective assistance of counsel as a t the time of the search, **Arizona v. Gant**, had yet to been submitted fro argument. Since the petitioner's conviction and sentencing, the 28 year practice of warrantless searching of vehicles has been rejected by the United States Supreme Court in Gant. This new Supreme Court Ruling is the nexus for this instant matter.

## III. PROCEDURAL HISTORY

On October 31, 2005 the petitioner was arrested by the Helper City Police Department. On November 1, 2005, the ATF transported the petitioner to ADC in Salt Lake City Utah were approximately (2) days later he was brought before the Magistrate Judge and ordered held without bail. Shortly thereafter, petitioner was transported to the Wheatland County Jail were he remained pending the adjudication of his Federal Charges in this instant case. The Grand Jury handed down a (9) count indictment against the petitioner. The petitioner ultimately pleaded guilty to a (3) count indictment. Count one: "Conspiracy to possess with intent to distribute methamphetamine", in violation of Title 18 United States Code § 841(A)(1) & (B)(1)(c). For count one, the petitioner received (51) months imprisonment with (3) years of supervised release. Count two: "Possession of a firearm not registered in the National Firearm Registration and Record", in violation of Title 26 United States Code § 5841, 5861(D) and 5871. For count two, the petitioner received (51) months imprisonment with (3) years supervised release. **Count one and Count two were ordered to run concurrent.** Count three: Carrying a firearm during and in relation to a drug trafficking offense", in violation of Title 18 United States Code § 924(C)(1)(B)(I). For count three, the petitioner received (120) months imprisonment to run **Consecutively** with counts one and two.

Sentence was imposed on June 19, 2006 by the Honorable Judge

Brimmer of the United States District Court for the District of Wyoming. There has been no appeal filed to date in this instant case. The petitioner is relying on a new opinion handed down by the United States Supreme Court in Arizona v. Gant and submits the following Memorandum in support of this petition.

## IV. MEMORANDUM IN SUPPORT OF PETITION

In the October Term of 2008, the United States Supreme Court reviewed the Writ of Certiorari in re: **Arizona V. Gant**, 171 L Ed 2d 810 S. Ct. were it found; "Twenty-eight years ago, in **New York v. Belton**, 453 U.S. 454,460 (1981), this Court held that 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile'. (Footnote omitted.) Five years ago, in **Thorton v. United States**, 541 U.S. 615 (2004)- a case involving a situation not materially distinguishable from the situation here-the Court not only reaffirmed but extended the holding of Belton, making it applicable to recent occupants. Today's decision effectively overrules those important decisions, even though respondent Gant has not asked us to do so. To take the place of the overruled precedents, the Court adopts a new two-part rule under which a police officer who arrests a vehicle occupant or recent occupant may search the passenger compartment if (1) the arrestee is within reaching distance of the vehicle at the time of the search or (2) the officer has reason to believe that the vehicle contains evidence of the offense of arrest. Here, the vehicle was pulled over because the petitioner was spotted in the passenger seat. The officer performing the stop indicated that the petitioner and the driver, had misdemeanor warrants for their arrest, breach of peace and fighting in public. There could be no reasonable possibility of evidence of the offenses.

The circumstances surrounding Gant were case on point with this instant case. Gant was arrested for driving on a suspended license, handcuffed, and locked in a patrol care before officers searched his car and found cocaine in a jacket pocket. The Arizona trial court denied his motion to suppress the evidence, and he was convicted of drug offenses. Here, petitioner was only a passenger in the vehicle, however, both petitioner and driver were removed from the car and placed in handcuffs prior to any search of the vehicle took place. Further in Gant; Reversing, the State Supreme Court distinguished **New York. Belton**, 453 U.S. 454-which held that police may search the passenger compartment of a vehicle and any containers therein as a contemporaneous incident of a recent occupant's lawful arrest-on the ground that it concerned the scope of a search incident to arrest but did not answer the question whether officers may conduct such a search once the scene has been secured. Because **Chimel v. California**, 395 U.S. 752, requires that a search incident to arrest be justified by either the interest in officer safety or the interest in preserving evidence and the circumstances of Gant's arrest implicated neither of those interests, the State Supreme Court found the search unreasonable.

In this instant case, after the petitioner and the driver of the car were placed into handcuffs there could have been no danger to the officer(s) and the preservation of the evidence was solidified. The Court held: Police may search the passenger compartment of a vehicle incident to a recent occupant's arrest only if it is reasonable to believe that the arrestee might

access the vehicle at the time of the search or that the vehicle contains evidence of the offense of arrest. Pp. 5-18. Both driver and petitioner were being arrested for breach of peace and fighting in public. The police could not have been expecting to find evidence of the offense of arrest. The Court has held that warrantless "are **pre se** unreasonable,""subject only to a few specifically established and well-delineated exceptions." **Katz v. United States**, 389 U.S. 347, 357. The exception for a search incident to a lawful arrest applies only to "the area from within which [an arrestee] might gain possession of a weapon or destructible evidence." **Chimel,** 395 U.S. at 763. The Court applied that exception to the automobile context in **Belton,** the holding of which rested in large part on the assumption that article inside a vehicle's passenger compartment are "generally...within 'the area into which an arrestee might reach.'" 453 U.S. at 460. Pp. 5-8. Again, neither the driver or the petitioner had access to anything within the vehicle as they were both restrained, outside the vehicle, surrounded by law enforcement.

Justice Stevens of the United States Supreme Court delivered this opinion to the Court.

"After Rodney Gant was arrested for driving with a suspended license, handcuffed, and locked in the back of a patrol car, police officers searched his care and discovered cocaine in the pocket of a jacket on the backseat. Because Gant could not have accessed his care to retrieve weapons or evidence at the time of the search, the Arizona Supreme Court held that

the search-incident-to-arrest exception to the Fourth Amendment's warrant reauirement, as defined in **Chimel v. California**, 395 U.S. 752 (1962) and applied to vehicle searches in **New York v. Belton**, 453 U.S. 454 (1981), did not justify the search in this case. We agree with that conclusion.

The Courts opinion discussed at length our decision in **Belton**, which held that police may search the passenger compartment of a vehicle and any containers therein as a contemporaneous incident of an arrest of the vehicle's recent occupant. 216 Ariz 1, 3-4, 162 P. 3d 640, 642-643 (2007)(citing 453 U.S. at 460). The Court distinguished **Belton** as a case concerning the permissible scope of a vehicle search incident to arrest and concluded that it did not answer "the threshold question whether the police may conduct a search incident to arrest at all once the scene is secure." 216 Ariz., at 4, 162 P. 3d, at 643. Relying on our earlier decision in **Chimel**, the court observed that the search-incident-to-arrest exception to the warrant requirement is justified by interests in officer safety and evidence preservation . 216 Ariz., at 4, 162 P. 3d, at 643. When "the justifications underlying **Chimel** no longer exist because the scene is secure and the arrestee is handcuffed, secured in the back of a patrol car, and under the supervision of an officer", the court concluded, a "warrantless search of the arrestee's car cannot be justified as necessary to protect the officers at the scene or prevent the destruction of evidence".

The Court also stated: " Consistent with our precedent, our analysis begins, as it should in every case addressing the reasonableness of a warrantless search, with the basis rule that 'searches' conducted outside the judicial, process, without prior approval by judge or magistrate, are unreasonable". After the Evanston County officers placed handcuffs on the petitioner, there was no reason to search the vehicle in search of evidence to the offense of arrest. Either petitioner nor the driver posed a threat to the officers and no probable cause existed to search for evidence. If in fact the arresting officers felt a need to search the vehicle, they had plenty of time to secure a search warrant from a judge or magistrate.

In **State v. Belton**, 50 N.Y. 2d 447, 452, 407 N.E. 2d 420, 423 (1980): A vehicle that Belton was one of four passengers in a car that was pulled over by a lone police officer for speeding. While asking for the driver's licence and registration, the officer smelled burnt marijuana and observed an envelope on the car floor marked "Supergold"- a name he associated with marijuana. Thus having probable cause to believe the occupants had committed a drug offense, the officer ordered them out of the vehicle, placed them under arrest, and patted them down. Without handcuffing the arrestees[2], the officer "split them up into four separate areas of the Thruway...so they would not be in physical touching area of each other", and searched the vehicle, including the pocket of a jacket on the backseat, in which he found cocaine. 453 U.S. at 456

---

[2]The officer was unable to handcuff the occupants because he had only one set of handcuffs. See Brief for Petitioner in **New York v. Belton**, O.T. 1980, No.80-328, p. 3 (herein after Brief in No. 80-328)

The New York Court of Appeals found the search unconstitutional, concluding that after the occupants were arrested the vehicle and its contents were "safely within the exclusive custody and control of the police". When the Evanston County Police and other Law Enforcement forced the petitioner and his driver out of the vehicle, placed them into handcuffs, secured the area, secured the vehicle, and made positive the officers safety, due to a misdemeanor arrest, failed to protect the petitioner's Fourth Amendment Right(s) and searched the vehicle with out a warrant, incident to arrest.

**V. CONCLUSION**

For twenty-eight years, law enforcement has been allowed to violate it's citizens Fourth Amendment Right due to warrantless searches. Gant has now brought to light the unconstitutional practice of searching vehicles after the evidence and the officer's safety has been secured. In this instant case, both driver and petitioner were secured away from the vehicle, neither had access to any portion of the vehicle. Both driver and petitioner were in restraints, surrounded by law enforcement. The Supreme Court held in **katz** that an exception for a search incident to a lawful arrest applies only to "the area from within which [an arrestee] might gain possession of a weapon or destructible evidence. Here, the government cannot claim this exception. The Supreme Court has always held that warrantless searches were "unreasonable" and subject only to a few specifically established exceptions. Kaz demonstrates these exceptions. Now **Gant v. Arizona** has clearly addressed warrantless searches after the officers safety has been secured and the evidence is safe from instant destruction. Gant further attacks that any search must be limited to the search of evidence of the direct offense. Here the petitioner was wanted for misdemeanor warrants of "breach of peace" and "fighting in public". There can be no reasonable expectation(s) of finding evidence of these particular offenses in the warrantless search of the vehicle.

The petitioner did not own or operate the vehicle, did

not have domain over it's contents and had no authority to grant permission for the search. From the very start of the stop, both occupants of the vehicle denied officers permission to search the vehicle. If the officers felt that they had reason to search the vehicle, they had the time, and the means to secure a warrant from a judge or magistrate. The fact remains that officers had no reason to search the vehicle, had not permission to search the vehicle, they were not in danger, and finally, any evidence they might hope to find was secure and in no danger. As a result, and under **Arizona v. Gant**, the new Supreme Court holding on warrantless searches, the petitioner request this court suppress all evidence found in the illegal search and rule it contents as fruits of a poisoness tree. If the search is illegal under Gant, then it is illegal under this instant case. If the search under Gant is considered unconstitutional, then it was unconstitutional in this instant case. If Gant's Fourth Amendment Right was violated due to the warrantless search of the vehicle, then the petitioner's Fourth Amendment Right was also violated. This should be considered if this Court is debating on the retroactivity of Gant.

**SUBSCRIBED AND EXECUTED ON THIS 14th DAY OF OCTOBER 2009**

John Frank Piccolo III
Federal Correctional Institution
PO Box 4200
Three Rivers, Texas 78071

## CERTIFICATE OF MAILING

I, **JOHN FRANK PICCOLO III,** hereby certify that I placed into the United States Mail and true and correct copy of: **HABEAS CORPUS MOTION UNDER 28 UNITED STATES CODE § 2255**, and addressed to:

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CHEYENNE DIVISION
STEPHAN HARRIS, DISTRICT CLERK
2120 CAPITAL AVENUE ROOM 2141
CHEYENNE WYOMING 82001

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
OCT [illegible]
Stephan Harris, Clerk
Cheyenne

**SUBSCRIBED AND EXECUTED ON THIS 14TH DAY OF OCTOBER 2009.**

John Frank Piccolo III 13049-081
Federal Correctional Institution
PO Box 4200
Three Rivers, Texas 78071